**No. 14-3720 WA**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

### UNITED STATES OF AMERICA,
*Appellee*

**vs.**

### SCOTT SHOLDS
*Appellant*

---

**On Appeal from the United States District Court
For the Western District of Arkansas**

**Honorable Timothy L. Brooks
United States District Judge**

---

### BRIEF FOR APPELLANT

---

**Bruce D. Eddy**
**FEDERAL PUBLIC DEFENDER**
**WESTERN DISTRICT OF ARKANSAS**

**By:**  **Jack Schisler**
Assistant Federal Defender
**Angela L. Pitts**
Appellate Attorney
Federal Public Defender's Office
3739 Steele Blvd., Suite 280
Fayetteville, AR 72703
(479) 442-2306
jack_schisler@fd.org
angela_pitts@fd.org

## <u>CASE  SUMMARY AND REQUEST FOR ORAL ARGUMENT</u>

This appeal in a criminal case seeks to vacate Scott Sholds' sentence and remand for resentencing. He entered a guilty plea to four counts of production of child pornography and one count of possession of child pornography. Based on the calculated total offense level, the resulting combined adjusted guideline sentencing range was 360 to 1,680 months. The district court imposed a total sentence of 960 months. Mr. Sholds asserts the sentence is substantively unreasonable.

Because caselaw is well-developed, oral argument is requested only if the Court deems it necessary to assist in its decisional process. No more than 10 minutes per side should suffice.

Appellate Case: 14-3720     Page: 2     Date Filed: 02/04/2015 Entry ID: 4241390

# TABLE OF CONTENTS

**Item**                                                    **Page(s)**

Summary and Request of Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Jurisdictional Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issue Presented for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

     The imposed sentence is substantively unreasonable. . . . . . . . . . . . 18

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Certificate of Service/Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Appellate Case: 14-3720     Page: 3     Date Filed: 02/04/2015 Entry ID: 4241390

# TABLE OF AUTHORITIES

**_Cases_**                                                                    **_Page(s)_**

_Gall v. United States_, 552 U.S. 38 (2007). . . . . . . . . . . . . . . . . . . . . . . . . .  2,17-19

_Kimbrough v. United States_, 552 U.S. 85 (2007). . . . . . . . . . . . . . . . . . . . . .  21,24

_Rita v. United States_, 551 U.S. 338 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

_Spears v. United States_, 555 U.S. 261 (2009). . . . . . . . . . . . . . . . . . . . . . . . .  21,24

_United States v. Burns_, 500 F.3d 756 (8th Cir. 2007). . . . . . . . . . . . . . . . . .  15,18

_United States v. Cadenas_, 445 F.3d 1091(8th Cir. 2006). . . . . . . . . . . . . . . . . 19

_United States v. Demeyer_, 665 F.3d 1374 (8th Cir. 2012). . . . . .  2,16,19,20,23-25

_United States v. Dorvee_, 616 F.3d 174 (2d Cir. 2010). . . . . . . . . . . . . . . . .  21,22

_United States v. Feemster_, 572 F.3d 455 (8th Cir. 2009). . . . . . . . . . . . . . . . . 19

_United States v. Garcia_, 512 F.3d 1004 (8th Cir. 2008) . . . . . . . . . . . . . . . . . . 18

_United States v. Jones_, 507 F.3d 657 (8th Cir. 2007). . . . . . . . . . . . . . .  2,15,18,19

_United States v. Linderman_, 587 F.3d 896 (8th Cir. 2009) . . . . . . . . . . . . . . . . 17

_United States v. Luleff_, 574 F.3d 566 (8th Cir. 2009).. . . . . . . . . . . . . . . . . . . . 17

_United States v. Martinez_, 557 F.3d 597 (8th Cir. 2009) . . . . . . . . . . . . . . . . . 17

_United States v. Merrival_, 521 F.3d 889 (8th Cir. 2008). . . . . . . . . . . . . . . . . . 17

_United States v. Peck_, 496 F.3d 885 (8th Cir. 2007).. . . . . . . . . . . . . . . . . .  15,19

iv

**Table of Authorities** (Cont'd)

*Cases*                                                              *Page(s)*

*United States v. Price,* 2014 WL 6845407 (7th Cir. Dec. 5, 2014). . . . .  16,20-23

*United States v. Reyes-Medina,* 683 F.3d 837 (7th Cir. 2012).. . . . . . . . . . . . . 22

*United States v. Tobacco,* 428 F.3d 1148 (8th Cir. 2005). . . . . . . . . . . . . . . . . 19

*United States v. Washington,* 515 F.3d 861 (8th Cir. 2008) . . . . . . . . . . . . . . . 17

**Statutes**

18 U.S.C. §3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

18 U. S.C. §3553(a).  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18,19,21,22

28 U.S.C. §1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Rules**

Fᴇᴅ. R. Aᴘᴘ. P. 4(b)(1)(A)(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Appellate Case: 14-3720    Page: 5    Date Filed: 02/04/2015 Entry ID: 4241390

# JURISDICTIONAL STATEMENT

This appeal in a criminal case seeks relief from the final judgment by the Honorable Timothy L. Brooks, United States District Judge, Western District of Arkansas. The Appellant, Scott Sholds, pled guilty to production and possession of child pornography. He received a 960 month sentence which he maintains is unreasonable. The judgment was entered on November 7, 2014. (DCD 27). Notice of appeal was timely filed on November 19, 2014. (DCD 29). The district court had subject matter jurisdiction pursuant to 18 U.S.C. §3231.

This Court possesses jurisdiction pursuant to 28 U.S.C. §1291, giving it jurisdiction over all final decisions of the district courts of the United States. *See also* FED. R. APP. P. 4(b)(1)(A)(i).

1

## <u>ISSUE PRESENTED FOR REVIEW</u>

The imposed sentence is substantively unreasonable.

*Gall v. United States*, 552 U.S. 38 (2007)

*United States v . Demeyer*, 665 F.3d 1374 (8th Cir. 2012)

*United States v. Jones*, 507 F.3d 657 (8th Cir. 2007)

Appellate Case: 14-3720    Page: 7    Date Filed: 02/04/2015 Entry ID: 4241390

## STATEMENT OF THE CASE

In 2014, Scott Sholds was named in a five-count indictment–four counts of production of child pornography and one count of possession of child pornography–along with a forfeiture allegation filed in the Western District of Arkansas, Fayetteville Division. (PSR, p. 3). The four production counts involved the same incident that took place on or about April 10, 2014. (PSR, pp. 8-9). The counts involved four separate video clips varying in length from 36 seconds to 68 seconds. The recordings were of Mr. Sholds with a two-year-old child. The time stamps show the videos were recorded on a cell phone from approximately 1:45 p.m. to 1:50 p.m., thus within a five minute time frame. The two still photos of child pornography were taken on the same day.

Per the presentence report (PSR), the case came to law enforcement's attention when Floyd Treash advised officers that he believed his neighbor's ex-boyfriend, Scott Sholds, was in possession of his cell phone without permission. (PSR, p. 5). Mr. Sholds answered when the officers called the number, admitted possessing it for several days and agreed to meet with the officers. (*Id.*). When they met, Mr. Sholds told them his son gave him the

Appellate Case: 14-3720     Page: 8     Date Filed: 02/04/2015  Entry ID: 4241390

phone after visiting his mother. (*Id.*). Mr. Sholds expressed concerns about drug dealing based on text messages he saw on the phone. (*Id.*).

A few hours after receiving his phone, Treash again contacted the police and advised he discovered on his phone videos and images of an adult male sexually assaulting a minor female. (*Id.*). Treash showed the officers the videos and photos. (*Id.*). He told the officers he was certain the adult voice was Mr. Sholds. (*Id.*). Although the male's face was not fully visible, the officers observed he had facial hair, a northern accent and a disfigured finger. (*Id.*). The minor was later identified as the two-year-old daughter of Mr. Sholds' then girlfriend. (*Id.*). Treash stated he told two neighbors-one was the ex-girlfriend of Mr. Sholds and mother of the four-year-old–and both identified the voice as Mr. Sholds. (*Id.*). One had also viewed a video and was able to identify the child. (*Id.*).

After his arrest and waiver of his *Miranda* rights, Mr. Sholds spoke with a detective. (PSR, p. 7). Per the PSR, he stated that as his sexual relationship with the mother of the two-year-old progressed, the mother engaged in role playing where she would call him daddy and act like a 12- or 13-year-old. (*Id.*). He admitted during the interview that he was the adult in the videos on

4

the cell phone. (*Id.*). He explained he was coming down from a crystal methamphetamine high and was "'half-asleep.'" (*Id.*). He said he was already naked in the bed when the mother brought the two-year-old into the room. (*Id.*). He explained he thought he was performing the sexual acts on the mother. (*Id.*). He stated when he fully woke up and realized what he was doing, he left the room. (*Id.*). He added that he thought it took place for about five minutes. (PSR, p. 8).

The PSR writer recommended a base offense level of 32. (PSR, p. 10). A total of 12 specific offense characteristics enhancement points were added to the base offense level. (PSR, p. 11). Three levels were subtracted for acceptance of responsibility. (*Id.*). The total offense level was calculated to be 41. (*Id.*). Although both Mr. Sholds and his mother told the PSR writer that Mr. Sholds had a juvenile record for theft and shoplifting in Maine, the Probation Office, even with assistance from the Maine office, was unable to obtain any records. (PSR, p. 12). Based on his adult convictions, he had a criminal history score of 13 resulting in a category of VI. (PSR, p. 16).

Per the PSR, the production counts carried a statutory minimum of 15 years and a maximum of 30 years. (PSR, p. 22). The possession count carried

Appellate Case: 14-3720    Page: 10    Date Filed: 02/04/2015 Entry ID: 4241390

a statutory maximum of 20 years. (*Id*.). The calculated guideline range was 360 months to life. (*Id*.). Pursuant to §5G1.1(c)(1), the guideline range cannot be more than the combined statutory maximum of 140 years; thus, the range was 360 to 1,680 months. (*Id*.).

The addendum to the PSR noted the government had six total objections to the initial PSR. (Addendum to the PSR, p. 1). Based on documentation provided by the government, the PSR writer made the factual revisions raised in the first five objections. (*Id*., pp. 1-3). The government, via objection number six, sought an additional enhancement for vulnerable victim. (*Id*., p. 3). The probation officer disagreed. (*Id*.).

Although Mr. Sholds attorney raised three objections, the probation officer broke the third objection down into three separate objections. (*Id*.). The PSR writer kept the alleged alias in the report and revised a paragraph regarding Mr. Sholds' mental health with a notation that corroborating records had not been obtained. (*Id*., pp. 3-4). The PSR writer also included job descriptions by Mr. Sholds with notations that the positions could not be verified. (*Id*., pp. 4-5).

6

The sentencing hearing was held before the Honorable Timothy L. Brooks on November 7, 2014. The court went over the procedural history of the case and made the standard inquiries of a defendant including inquiring if he was satisfied with his attorney and if he had an opportunity to review the PSR and discuss it with his attorney. (TR., pp. 2-6). The court went over Mr. Sholds' objections to ensure nothing needed to be resolved by the court. (TR., pp. 6-7). The court also confirmed that all but one of the government's objections had been resolved. (TR., p. 8).

The court then addressed the government's remaining objection regarding application of the vulnerable victim enhancement. (TR., p. 8). The government called Detective Scott O'Dell who testified about his observations of the minor. (TR., pp. 9-13). He identified and testified about government exhibit 1, which was one of the video clips involving the minor and Mr. Sholds. (TR., pp. 13-15). It was agreed that the court would view the exhibit in chambers and that the exhibit would be received into evidence under seal. (TR., p. 15).

Prior to viewing the video, the court had some questions for the detective. (TR., pp. 16-22). The questioning clarified the limited opportunity

7

the detective actually had to observe the child and that the detective had not observed anything that suggested the child had any developmental delays. (*Id.*). Additional questions were asked by the government, Mr. Sholds' attorney and then the court prior to the court viewing the video. (TR., pp. 22-27). The court directed that the parties were to make no comments during the viewing of the video because the court instructed that the viewing not be recorded. (TR., p. 28). The parties had no objection to that arrangement. (*Id.*).

After viewing the video and returning to the courtroom, the government noted that the video clip was the one charged in count one. (TR., pp. 28-29). The parties had no additional questions for Detective O'Dell. (TR., p. 29). The government rested and no additional witnesses were called by either side. (TR., p. 30). After hearing argument, engaging in colloquy and explaining its ruling, the court overruled the government's objection. (TR., pp. 30-45). The court noted that "in trying to be intellectually honest about it as opposed to reacting to it more emotionally, I find that the enhancement does not apply[.]" (TR., p. 45). The court did not apply the enhancement and the government did not file a cross-appeal to challenge that determination.[1]

_____

[1]The government's exhibit was offered and admitted in support of its argument involving the vulnerable victim enhancement. That specific issue

8

Because no further legal or factual issues needed to be addressed, the district court adopted the presentence report. (TR., p. 45). The court also gave final approval of the plea agreement. (TR., p. 46). The court then went over the guideline range calculations. (TR., pp. 46-49). The court noted that a total offense level of 41 with a criminal history category of VI results in a range of 360 months to life in prison. (TR., p. 49). The court explained that the guidelines do not take precedence over the statutory range which, in this case, caps the guidelines range. (TR., p. 50). Because of the statutory maximums, the guideline range was limited to 360 to 1,680 months. (*Id.*). The court then reviewed the statutory sentencing factors the court was to consider. (TR., p. 51). The court also reviewed the letter he received from Mr. Sholds' mother and noted he did not receive any particular information from the victim or victim's family. (TR., p. 52).

---

is not before this Court. The presentence report thoroughly describes the conduct recorded and the transcript also sufficiently covers the nature of the offense. Because the district court forwarded the rest of the pertinent record, a Joint Appendix was not filed. The government's exhibit is not available to the appellant. If this Court finds it necessary to view the video clip; the government will make the necessary arrangements to transmit it to the Court.

Appellate Case: 14-3720    Page: 14    Date Filed: 02/04/2015 Entry ID: 4241390

The government requested a guideline range sentence at the top of the range–140 years. (TR., p. 53). In reviewing the circumstances of the case, the government asserted there were no mitigating factors. (TR., 53-56). Counsel noted Mr. Sholds' criminal history, stating, "I don't believe I've ever presented in a child porn case a defendant with this kind of criminal history." (TR., p. 57). The government challenged Mr. Sholds' mental health and drug addiction issues. (TR., pp. 58-59). The government stated it was "asking for 140 years, which is well beyond his lifespan." (TR., p. 62).

At the conclusion of the government's argument as to the sentence it sought, the court stated it had some questions. (TR., p. 63). The court confirmed that although four counts based on four videos, the conduct itself "occurred within a collective time period of five minutes[.]" (*Id.*). The court continued, "[a]nd if my understanding of kind of piecing together what has happened here, it would appear that these four different clips, while separate, they must have been generated by some type of starting and stopping of the cellphone, either by physically starting and stopping it or because the phone only lets you record for so much time before you have to do something to get it to start recording again." (TR., p. 64).

10

When asked by the court, the government agreed that but for the stopping and starting of the recorder, i.e., if it was just one continuous stream video, there would only be one count of production with a maximum statutory penalty of 30 years. (TR., p. 65). The government also confirmed that because of the stopping and starting for a total of four times, the maximum penalty went from 30 years to 120 years. (*Id.*).

The court then heard from Mr. Sholds' attorney. (TR., p. 67). Counsel asserted the government was arguing this case as if it was a rape case–which was being handled by the State–rather than a production case. (TR., pp. 68-69). Counsel noted that the government could have objected to information included in the PSR, like Mr. Sholds' mental illness; but, the government did not. (TR., p. 69). Counsel added that people corroborated the mental health history in the PSR, which again the government did not object to and, thus, can be taken as true by the court. (*Id.*). Counsel stated the mental health and addiction issues were not offered as a defense; but, they are relevant as to his history and characteristics. (TR., p. 70).

Counsel continued, "[t]he sentence that I'm asking the Court to impose, 360 months, is a guideline sentence." (*Id.*). Counsel distinguished the instant

11

case from others recently before the court involving multiple victims or a prior sex offense conviction. (TR., p. 71). Counsel highlighted the earlier remarks of the court that, but for the stopping and starting of video, they were dealing with one course of conduct for about five minutes. (*Id.*).

Mr. Sholds had an opportunity to speak. (TR., p. 75). He apologized to the victim and her family, and acknowledged what he did was wrong. (*Id.*).

The court noted the difficulties of these type of cases. (TR., p. 75). The court added that "[t]he facts which underlie the convictions and the relevant conduct related to those convictions is by far the worst conduct that this Court has encountered in its short time on the bench[.]" (*Id.*). The court stated, "[t]he guideline range, while many times helpful, the Court does not find to be particularly helpful in this case because of how broad it is, 360 months to life." (TR., pp. 75-76). The court continued, "[s]o it adds even more impetus to this Court to examine all of the 3553(a) factors to determine what would be appropriate within that vast range of between 360 months and life." (TR., p. 76).

The court told Mr. Sholds that it did "not find any mitigating facts." (*Id.*). The court commented that other than not losing the love of his mother,

12

"I don't see a single redeeming or mitigating quality." (*Id.*). The court added, "[o]ne factor that does concern me somewhat, and probably weighs on me the most in arriving at what is an appropriate sentence, given all of the 3553(a) factors, is that in terms of the cases that come before this Court where there are multiple videos and there's a production charge, those videos, to the best of this Court's recollection, have been in different sessions or on different days and they - - you know, that can represent a pattern of conduct over a period of time." (TR., pp. 76-77). The court stated it was "somewhat concerning" that but for the restarting of the video recorder four times, the maximum sentence the court could impose would be 30 years for the production and 20 years for the possession. (TR., p. 77).

In summary, the court stated that "[h]aving balanced all of the 3553(a) factors that I can" and giving deference to the parsimony provision to "impose a sentence which is sufficient but not greater than necessary" to comply with the purposes of statutory sentencing, "my thoughts are that you do deserve a term of imprisonment which will be a proxy for your life." (*Id.*). The court added, "I do not believe that 140 years meets the 'sufficient but not greater than necessary' test, given due deference to the Government's

13

argument that that should serve as a general deterrence." (*Id.*). The court commented "that a life sentence is sufficient to serve as a general deterrence." (TR., pp. 77-78). The court stated that it had "settled on the notion that 960 months, which is 80 years, is an appropriate proxy for [Mr. Sholds'] life, and that is after giving much thought and reflection in trying to balance all of these factors and looking at the sentencing range in this case and for all the reasons that I have already mentioned." (TR., p. 78).

After going over the entire sentence and granting the government's motion to dismiss the forfeiture allegation, the court advised Mr. Sholds of his appeal rights. (TR., p. 83). After making a few brief statements to Mr. Sholds, the court added, "[a]nd I hope you can at least understand that this Court was trying to hand down, taking all those factors into consideration, ultimately a sentence that was just." (TR., p. 85). The court concluded:

> Other than that, I can only say that I do truly respect you as an individual and that I am sorry that you find yourself in this predicament. But given your conduct in this case, I don't think you left me with much choice.

(*Id.*).

Mr. Sholds instructed counsel to file a notice of appeal. This appeal follows.

14

## SUMMARY OF THE ARGUMENT

Scott Sholds asserts the imposed term of imprisonment is substantively unreasonable. Although the calculation of the guidelines range is procedurally sound, Mr. Sholds submits the district court committed a clear error of judgment in weighing the relevant statutory sentencing factors by arriving at a sentence that was outside the range of choice dictated by the facts and total circumstances of this case. *See United States v. Jones*, 507 F.3d 657, 659 (8th Cir. 2007)(citing *United States v. Burns*, 500 F.3d 756, 760-61 (8th Cir. 2007) (en banc)).

Although the within guideline range sentence imposed here is "cloaked in a presumption of reasonableness[,]" Mr. Sholds asserts the totality of the circumstances dictated a sentence at the low end of the extremely broad guideline range. *United States v. Peck*, 496 F.3d 885, 891 (8th Cir. 2007). In comparison to cases involving multiple victims, episodes filmed over multiple days or repeat offenders, there is a clear distinction in the overall egregiousness of the offense conduct.

Mr. Sholds submits the district court abused its discretion in imposing a sentence near the midpoint of the guidelines range, which was contrary to

Appellate Case: 14-3720    Page: 20    Date Filed: 02/04/2015 Entry ID: 4241390

the sentence dictated by the facts and circumstances of this case. Although expressing his concern regarding the impact of four separate video clips versus a continuous video stream on the maximum sentence available to the court, the court still focused on the charged offense in determining the sentence to impose and failed to recognize that sentencing disparity is appropriate if based on the totality of the circumstances. *See, United States v. Demeyer*, 665 F.3d 1374 (8th Cir. 2012)(imposed term of imprisonment at statutory maximum for videotaping and distributing on the internet the rape of his minor daughter on multiple occasions); *but see, United States v. Price*, – F. App'x –, 2014 WL 6845407 (7th Cir. Dec. 5, 2014)(18 year term of imprisonment which was below guideline sentence range/statutory maximum of 40 years for taking sexually explicit photographs of his minor child, distributing on internet and having history of sexually abusing minors). Mr. Sholds was sentenced as if he was the worst of the worst when the sentencing factors, if properly weighed, clearly show he is not. Although the court's comments suggested discretion was applied, the end result showed it was not. A sentence at the low end of the guidelines range would have satisfied the statutory sentencing objectives including the parsimony provision.

16

# ARGUMENT

**The imposed sentence is substantively unreasonable.**

## Standard of Review

This Court "'review[s] all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard.'" *United States v. Martinez*, 557 F.3d 597, 599-600 (8th Cir. 2009)(citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). This Court "may consider both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008).

If the district court's determination is procedurally sound, this Court "is to 'then consider the substantive reasonableness of the sentence imposed . . ..'" *United States v. Washington*, 515 F.3d 861, 865 (8th Cir. 2008)(quoting *Gall*, 552 U.S. at 51). The defendant "bears the burden of proving that his sentence is unreasonable." *United States v. Luleff*, 574 F.3d 566, 569 (8th Cir. 2009). "A sentence falling within the applicable guideline range *may* be presumed to be substantively reasonable." *United States v. Linderman*, 587 F.3d 896, 901 (8th

17

Cir. 2009)(emphasis added)(citing *United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2008); *Rita v. United States*, 551 U.S. 338, 347 (2007)).

## Discussion

A district court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49 (citation omitted). Although a properly calculated guidelines sentencing range "should be the starting point and the initial benchmark[,]" it is but one of the many statutory sentencing factors the sentencing court is to consider. *Id*. Mr. Sholds does not contest the calculation of the guidelines sentencing range of 360 to 1,680 months. Rather, he asserts the sentence is substantively unreasonable because the imposed sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

"A district court abuses its discretion by failing to consider a relevant factor, giving significant weight to an irrelevant factor, or committing a clear error of judgment in weighing the relevant factors by arriving at a sentence outside the range of choice dictated by the facts of the case." *United States v. Jones*, 507 F.3d 657, 659 (8th Cir. 2007)(citing *United States v. Burns*, 500 F.3d 756, 760-61 (8th Cir. 2007)(en banc)). In conducting substantive reasonableness

18

review, this Court is to "'take into account the totality of the circumstances[.]'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009)(quoting *Gall*, 552 U.S. at 51).

Mr. Sholds asserts the court "committ[ed] a clear error of judgment in weighing the relevant factors by arriving at a sentence outside the range of choice dictated by the facts of the case [ ]" even though the sentence was within the calculated guideline sentencing range. *See Jones*, 507 F.3d at 659; *see also*, *United States v. Tobacco*, 428 F.3d 1148, 1151 (8th Cir. 2005). He recognizes that the imposed sentence "is cloaked in a presumption of reasonableness[;]" but, as this Court stated in *United States v. Peck*, "this presumption may be rebutted by reference to the factors listed in 18 U.S.C. § 3553(a)." 496 F.3d 885, 891 (8th Cir. 2007)(citing, *United States v. Cadenas*, 445 F.3d 1091, 1094 (8th Cir. 2006)(additional citation omitted).

In *United States v. Demeyer*, this Court affirmed the sentence of four consecutive 30-year prison terms was substantively reasonable. 665 F.3d 1374 (8th Cir. 2012). Like Mr. Sholds, Demeyer plead guilty to violating 18 U.S.C. §2251(a) and (e)--sexual exploitation of a minor. *Id.* at 1374. Both faced and received the equivalent of life sentences. The similarities of the cases end

19

there. Mr. Demeyer "raped his developmentally disabled teenage daughter, photographed and videotaped her engaged in sexually explicit conduct, and transmitted these sexually explicit materials over the internet through file sharing services and live webcam transmissions." *Id.* On his computer was 16,098 still images and 735 video files of child pornography, including 594 files concerning his daughter. *Id.* The district court described the "'horrendous abuse of Demeyer's daughter as 'child pornography at its worst and at its most hurtful,'" and determined the statutory maximum on each count to run consecutive to each other was appropriate and this Court agreed. *Id.*

On the opposite end of the sentencing spectrum, the Seventh Circuit rejected the government's argument that  an 18-year sentence–less than half the 40-year guidelines sentence–was substantively unreasonable in which the defendant was convicted by jury trial of violating § 2251(a) and possessing child pornography. *United States v. Price*, – F. App'x –, 2014 WL 6845407, *1 (7th Cir. Dec. 5, 2014). Price took numerous  sexually explicit photographs of his daughter R.P. when she was between the ages of 10 and 12. *Id.* Price placed some of the images on the internet and they have been implicated in at least 160 child-pornography investigations across the country. *Id.* Price also

Appellate Case: 14-3720     Page: 25     Date Filed: 02/04/2015 Entry ID: 4241390

maintained a collection of child pornography involving other children; thus, he was charged with both production and possession and convicted as charged. *Id.* Price, unlike Mr. Sholds, had a history of sexually abusing children including R.P. and even his own sister on a regular basis when she was between the ages of 8 and 14. *Id.*

In *Price*, the guideline range sentence was 40 years. *Id.* at *11. The district court properly calculated the guidelines sentence and "exhaustively considered the § 3553(a) factors, giving particular emphasis to the aggravated facts of this case." *Id.* As noted by the Seventh Circuit, the district judge "also exercised her discretion to consider the scholarly and judicial criticism of the guidelines for child-pornography offenses," including the principles articulated by the Supreme Court in *Spears v. United States*, 555 U.S. 261, 264 (2009) and *Kimbrough v. United States*, 552 U.S. 85, 109 (2007), "as she is permitted to do[,]" and she "expressed substantial agreement with the Second Circuit's opinion in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), which explained that the guidelines in this area are not the product of the Sentencing Commission's empirical expertise, but rather reflect directions from Congress to punish these crimes more harshly[.]" *Id.*

Appellate Case: 14-3720    Page: 26    Date Filed: 02/04/2015 Entry ID: 4241390

As highlighted by the Seventh Circuit, *Dorvee* also noted that the child pornography possession guideline "calls for the application of multiple enhancements that apply in almost every case, making inadequate distinctions between the worst offenders and those who are less dangerous." *Id.* (citing, *Dorvee*, 616 F.3d at 186-87). The district court in *Price* noted that the guideline for production of child pornography presented some of the same problems. *Id.* Because the enhancements apply in nearly every case, the production guideline "exert[ed] virtually automatic upward pressure on sentences and fail[ed] to separate less dangerous offenders from those who are more dangerous." *Id.*

Based on those considerations, the district judge in *Price* imposed a total sentence of 18 years–well below the guideline sentence of 40 years. In the Seventh Circuit, similar in principle to here, "'[a] sentence is reasonable if the district court gives meaningful consideration to the factors enumerated in 18 U.S.C. § 3553(a), including the advisory sentencing guidelines, and arrives at a sentence that is objectively reasonable in light of the statutory factors and the individual circumstances of the case.'" *Id.* (quoting, *United States v. Reyes-Medina*, 683 F.3d 837, 842-43 (7th Cir. 2012)). The Seventh Circuit affirmed the

Appellate Case: 14-3720   Page: 27   Date Filed: 02/04/2015 Entry ID: 4241390

sentence and stated, "the government has not established that an 18-year sentence for Price's crimes-even in light of his contemptible history and unrepentant nature-is so low as to be substantively unreasonable." *Id.*

Mr. Sholds submits that the totality of the circumstances in the instant case dictated a sentence at the low end of the guidelines range. Indeed, in comparison to the *Price* case, even less time than the low end of the guideline range was warranted. The nature and circumstance of the actual offense conduct and Mr. Sholds' criminal history are not remotely close to that of Demeyer or even that of Price, who received a sentence significantly below the fixed guideline sentence. There is no getting around Mr. Sholds egregious conduct; however, he did not sexually assault multiple minors over a period of time like Demeyer and Price. Mr. Sholds also did not distribute the images on the internet, like Demeyer and Price, so the minor would be victimized by others. Mr. Sholds simply sought a within-guidelines range sentence that fell between that of Demeyer's and Price's sentence even though the circumstances of his offense and his history and characteristics were significantly less egregious than both Demeyer and Price.

23

Although the district court commented on the unique circumstances that turned this otherwise one count production matter into an indictment with four production counts, it then failed to properly weigh the sentencing factors. Indeed, the court failed to explain why it found the circumstance troubling, but then completely ignored it in determining there were no mitigating factors. Although one sentencing goal is to avoid an *unwarranted* sentencing disparity, a sentencing disparity was *warranted* here due to the uniqueness of the circumstances-one five-minute incident documented in four short clips–and how the government charged the case. The magnitude of the range still permitted the court to impose a within-guideline range sentence while properly distinguishing this case from the worst ones like *Demeyer*.

Although Mr. Sholds' attorney did not make a specific *Kimbrough* and *Spears* challenge, those sentencing principles are well-established, should be considered as part of the weighing process and, although not by citation, were incorporated in trial counsel's argument for a sentence at the low end of the guideline range. The district court failed to arrive at a sentence that was objectively reasonable in light of the statutory factors and the individual circumstances of this case. The court over-relied on and gave too much weight

24

to the guideline range, with a more extreme range than typical, as well as the *type* of conviction rather than the actual nature and circumstances of the instant production conviction versus the actual offense conduct in other production cases like *Demeyer*. The totality of the circumstances dictated a sentence at the low end of the guidelines sentencing range. Accordingly, the sentence is substantively unreasonable.

## CONCLUSION

Based on the above arguments, Scott Sholds' sentence and judgment should be vacated and the matter remanded for a new sentencing hearing.

Respectfully submitted,

BRUCE D. EDDY
Federal Public Defender
Western District of Arkansas

By: _/s/ *Jack Schisler*_____
Jack Schisler
Assistant Federal Defender
Angela L. Pitts
Appellate Attorney
Federal Defender Office-WDAR
3739 Steele Blvd., Ste 280
Fayetteville, AR 72703
(479) 442-2306
jack_schisler@fd.org
angela_pitts@fd.org

25

## CERTIFICATE OF SERVICE/COMPLIANCE

I hereby certify that on February 3, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I certify the brief has been scanned for viruses and is virus-free. I further certify the full text of this brief was prepared in WordPerfect X6, font Book Antiqua, size 14, and that this brief contains 5,563 total words.

_/s/ *Jack Schisler*___
Jack Schisler

Appellate Case: 14-3720     Page: 31     Date Filed: 02/04/2015 Entry ID: 4241390