No. 14-3720

_____

# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

## UNITED STATES OF AMERICA
**Appellee**

v.

## SCOTT SHOLDS
**Appellant**

_____

**Appeal from the
United States District Court
Western District of Arkansas
Fayetteville Division**

**Honorable Timothy L. Brooks
United States District Judge**

_____

## BRIEF OF APPELLEE

_____

**Conner Eldridge
United States Attorney**


**By:   Dustin Roberts
Assistant U.S. Attorney
Arkansas Bar No. 2005185
414 Parker Avenue
Fort Smith, AR    72901
(479) 783-5125**

## CASE SUMMARY AND STATEMENT ON ORAL ARGUMENT

The Appellant, Scott Sholds (hereinafter Sholds), appeals his guideline sentence of nine-hundred and sixty (960) months imprisonment on four counts of Production of Child Pornography and one count of Possession of Child Pornography based on a claim that the sentence was substantively unreasonable. At sentencing, the applicable guideline range in this case was 360 to 1,680 months. On November 7, 2014, the Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas, after reviewing the guideline calculations and the 3553(a) sentencing factors, imposed a middle of range sentence of 960 months or 80 years. The United States submits herein that Sholds fails to meet his burden of showing the district court abused its discretion and/or that his sentence was otherwise unreasonable as a result of a clear error in judgment.

With respect to oral argument, the United States does not request such unless the Court deems such necessary for a full understanding of the issues or facts.

i

# TABLE OF CONTENTS

**Page**

Case Summary and Statement On Oral Argument ..................................................i

Table of Contents ..................................................................................... ii

Table of Authorities:

      Cases ...............................................................................................iv

      Statutes ............................................................................................v

      Rules and Other Authorities ...............................................................v

Jurisdictional Statement ...............................................................................1

Statement of Issues.......................................................................................2

Statement of the Case...................................................................................3

Summary of the Argument..............................................................................9

Argument:

        The District Court did not Abuse its Discretion in Sentencing
        Sholds to 960 Months Imprisonment ...................................................10

          Standard of Review ................................................................10

          Discussion ..........................................................................10

Conclusion ................................................................................................17

Certificate of Service ..................................................................................18

Appellate Case: 14-3720    Page: 3    Date Filed: 03/17/2015 Entry ID: 4255201

**Page**

Certificate of Compliance .........................................................................19

iii

# TABLE OF AUTHORITIES

**Page**

## CASES

Gall v. United States, 128 S.Ct. 586 (2007) .............................................2, 10, 11, 12

United States v. Bolden, 596 F.3d 976 (8th Cir. 2010) .....................................10, 17

United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ...12

United States v. Demeyer, 665 F.3d 1374 (8th Cir. 2012) .......................................15

United States v. Feemster, 572 F.3d 455 (8th Cir. 2009) ....................................2, 11

United States v. Haack, 403 F.3d 997 (8th Cir. 2005).............................................10

United States v. Medearis, 451 F.3d 918 (8th Cir. 2006).........................................12

United States v. Milk, 447 F.3d 593 (8th Cir. 2006) ................................................10

United States v. Pape, 601 F.3d 743 (7th Cir. 2010) ................................................16

United States v. Perkins, 526 F.3d 1107 (8th Cir. 2008).....................................2, 12

United States v. Price, 2014 WL 6845407 (7th Cir. Dec., 5, 2014) ..................15, 16

United States v. Sicaros-Quintero, 557 F.3d 579 (8th Cir. 2009) ...........................12

United States v. Turbides-Leonardo, 468 F.3d 34 (1st Cir. 2006) ...........................17

United States v. White Face, 383 F.3d 733 (8th Cir. 2004).....................................12

Appellate Case: 14-3720    Page: 5    Date Filed: 03/17/2015 Entry ID: 4255201

**STATUTES**

18 U.S.C. § 2251(a) ...................................................................................3

18 U.S.C. § 2251(e) ...................................................................................3

18 U.S.C. § 2252A(a)(5)(B) ........................................................................3

18 U.S.C. § 2252A(b)(2)..............................................................................3

18 U.S.C. § 3231 .........................................................................................1

18 U.S.C. § 3553(a) .................................... 7, 8, 9, 10, 11, 12, 13, 15, 16, 17

18 U.S.C. § 3742 .........................................................................................1

28 U.S.C. § 1291 .........................................................................................1

**RULES AND OTHER AUTHORITIES**

Fed. R. App. P. 4(b)(1)................................................................................1

Fed. R. App. P. 4(b)(4)................................................................................1

Appellate Case: 14-3720    Page: 6    Date Filed: 03/17/2015 Entry ID: 4255201

# JURISDICTIONAL STATEMENT

Sholds appeals from a judgment entered against him by the United States District Court for the Western District of Arkansas (Honorable Timothy L. Brooks, United States District Judge, presiding). Sholds pleaded guilty to multiple child pornography offenses, for which he was ultimately sentenced to 960 months imprisonment. The original judgment in this case was entered on November 7, 2014. (DCD 27). The district court had jurisdiction for this case under 18 U.S.C. § 3231.

As such, the judgment of the district court constitutes an appealable final order. Thereafter, Sholds filed a timely notice of appeal on November 19, 2014. (DCD 29). <u>See,</u> Fed. R. App. P. 4(b)(1) & (4). Jurisdiction for this appeal is proper pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Appellate Case: 14-3720    Page: 7    Date Filed: 03/17/2015 Entry ID: 4255201

## STATEMENT OF ISSUES

**I.**     **The District Court did not Abuse its Discretion in Sentencing Sholds to 960 Months Imprisonment.**

United States v. Feemster, 572 F.3d 455 (8th Cir. 2009)

Gall v. United States, 128 S.Ct. 586 (2007)

United States v. Perkins, 526 F3d 1107 (8th Cir. 2008)

2

## STATEMENT OF THE CASE

On or about May 7, 2014, Sholds was named in a five count Indictment filed by a Federal Grand Jury in the Western District of Arkansas. The Indictment charged Sholds with four counts of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); and one count of Possessing Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (DCD 22 p.3 ; "PSR" ¶ 1). On July 14, 2014, Sholds appeared with his attorney before the Honorable Timothy L. Brooks, in Fayetteville, Arkansas, and pleaded guilty to all counts of the Indictment. (Id.). After the defendant changed his plea, the district court ordered a Presentence Report ("PSR"[1]) to be completed and remanded the defendant into custody.

Per the PSR, in April of 2014, the defendant was living with a female named Courtney Baxter, and her three children ages two (2), five (5), and seven (7) respectively. (DCD 22; "PSR" ¶ 15). On April 10th, a social worker picked up Courtney Baxter and her eldest child and drove them to a counseling appointment at the Ozark Guidance Center. (DCD 22; "PSR" ¶ 36). While she was gone, Sholds was left in charge of her two youngest children. (Id). While alone with the minors, Sholds recorded himself on a cellular phone anally and vaginally raping the two (2)

_____

[1]For purposes of Appellee's Brief, references to the Presentence Report are cited as follows ("PSR").

Appellate Case: 14-3720    Page: 9    Date Filed: 03/17/2015 Entry ID: 4255201

year old female left in his custody. (DCD 22; "PSR" ¶ 31-34)

Overall, Sholds made four separate videos recordings of the sexual acts and took two close-up digital pictures of the minor's genitalia. (DCD 22; "PSR" ¶ 31-35). Specifically, the videos in Counts One (1) and Four (4) of the Indictment depict Sholds rubbing his penis on the minors genitalia and then anally raping her. (DCD 22; "PSR" ¶ 31, 34). Counts Two (2) and Three (3) of the Indictment depicts Sholds both anally and vaginally raping the minor. (DCD 22; "PSR" ¶ 32, 33). During the recordings, Sholds can be heard telling the two year old such things as: she is "daddy's good girl," "good girl for letting daddy fuck you," and, among other things, stating that the minor has a "tight little asshole." (DCD 22; "PSR" ¶ 31-34). All of these images remained on the cellular phone for approximately five (5) days until another individual, who was the true owner of the cellular phone, came into possession of it and reported the images to law enforcement. (DCD 22; "PSR" ¶ 12).

During a post Miranda interview, Sholds initially denied any criminal activity, including the sexual acts, but later admitted the abuse in claiming he was half asleep, coming down off a drug high, and/or believed he was preforming the acts on the mother of the victim. (DCD 22; "PSR" ¶ 18, 24-29). At some point during the interview, Sholds admitted that he viewed one of the videos at issue the morning following the rape. (DCD 22; "PSR" ¶ 28). The minor victim underwent a

4

medical examination in which the sexual assault nurse noted injury in and around the anus of the minor. (DCD 22; "PSR" ¶ 19).

At sentencing, the Court, after handling the posture of the case, confirmed that all objections had been resolved and/or did not affect the guideline calculations except for one of the Government's objections relating to the vulnerable victim enhancement. (Sentencing Transcript "hereinafter TR." p. 8). In support of said objection, the Government called Fayetteville Police Detective Scott O'Dell to testify about the minor's lack of physical and mental abilities. (TR., pp.9-13). During his direct examination, the Government introduced into evidence the video charged in Count One of the Indictment, which by agreement of the parties was reviewed in chambers. (TR., p.15). Ultimately, after hearing testimony and argument, the Court found that the enhancement did not apply, and overruled the Government's objection. (TR., pp. 30-45). Specifically the Court stated "in trying to be intellectually honest about it as opposed to reacting to it more emotionally, I find that the enhancement does not apply." (TR., p. 45).

Consequently, Sholds received guideline enhancements for the age of the victim, conduct involving sexual contact, conduct that was sadistic/masochistic/violent, and for being in supervisory control of the minor victim. (DCD 22; "PSR" ¶ 42-47). The resulting total offense level pursuant to the

5

sentencing guidelines was 41. (DCD 22; "PSR" ¶ 54). Sholds criminal history category was, without objection, determined to be a level VI. (DCD 22; "PSR" ¶ 71). Specifically, his priors included four (4) felonies related to burglaries, and multiple misdemeanors including criminal trespass and domestic assault. (DCD 22; "PSR" ¶ 59-70). Pursuant to the guidelines, Sholds' suggested penalty range was 360 to life. (DCD 22; "PSR" ¶ 110). As the Court explained "the guidelines do not take precedent over the statutory range, which in this case caps the range." (TR., p. 50). As such, the applicable guideline range, without objection, was 360 to 1680 months. (Id.).

During the hearing, the district court reviewed the guideline calculations with the parties, including each and every enhancement. (TR., pp. 50-51). Before doing so, the Court noted:

> "[T]he Court must take into consideration…the nature and characteristics of the offense, [the Defendant's] personal history, background and characteristics, [the sentencing range established by the Federal Sentencing Guidelines], and the need to avoid unwarranted sentence disparities among defendants who have been convicted of similar crimes and who have a similar criminal history."
> (TR., p. 51).

Before passing sentence, the Court allowed the parties to present argument with respect to the appropriate sentence. (TR., pp. 52-75). The attorney for the Government requested a sentence of life or 140 years. (TR., p.62). The Government

6

based its argument around the egregious conduct involved and Sholds' extensive criminal history reflected in the PSR. (TR., pp. 54-57). At the conclusion of the Government's argument, the Court pointed out to the Government that but for the stopping and restarting of the video recording during the approximate five (5) minute rape of the two year old, Sholds would be facing just one count of production and a maximum sentence of 30 years. (TR., p. 64-65). Sholds' attorney was likewise given an opportunity to argue, and overall recommended a 30 year sentence. (TR., pp. 67-69). In doing so, Sholds' attorney tried to distinguish this case from other recent production of child pornography cases in that some involved multiple minor victims and others involved prior sexual offense convictions. (TR., p. 71). Finally, Sholds was allowed to speak, and apologized. (TR., p. 75).

Thereafter, the Court stated, "The Court has given a great deal of contemplation and thought about this case …[t]hese cases are very difficult because they involve the worst of about everything." (TR., pp. 75-76).  The Court further commented "[t]he guideline range, while many times helpful, [is not] particularly helpful in this case because of how broad it is, 360 months to life." (TR., pp. 75-76). As a result, the Court emphasized the importance of its obligation to examine all of the 3553(a) factors to determine what would be an appropriate sentence within the 360 months to life range. (TR., p. 76). The Court noted "[t]he facts that underlie the

7

convictions and the relevant conducted…is by far the worst conduct that this Court has encountered…" (TR., p.75).   However, the Court followed this statement by saying to Sholds "I don't say that to disrespect you…I think that the Court owes it to you to respect you as an individual, but the Court does not respect…nor can it comprehend your conduct." (TR., p.76).

The Court went on to ascertain that there was an amount of time less than 140 years that could suffice as a life sentence. (Id.). In determining the appropriate sentence, the Court expressed "I do not believe that 140 years meets the 'sufficient but not greater than necessary' test." (TR., p. 77).   Instead, the Court held that 960 months or 80 years would serve as an appropriate proxy for Sholds' life, and it did so "after giving much thought and reflection in trying to balance all of [the 3553(a)] factors and looking at the sentencing range in this case." (TR., p. 78). Accordingly, the Court sentenced the defendant within the sentencing guidelines to 960 months, 25 years of supervised release, and a special assessment fee. (Id.).

The judgment in this case was filed on November 7, 2014. (DCD 27). A notice of appeal was filed thereafter on November 19, 2014. (DCD 29). This appeal follows.

Appellate Case: 14-3720     Page: 14     Date Filed: 03/17/2015 Entry ID: 4255201

## SUMMARY OF THE ARGUMENT

At present, Sholds claims that his guideline sentence is substantially unreasonable. Specifically, while Sholds acknowledges that the guidelines calculation was procedurally sound, he asserts that the district court committed a clear error in judgment in weighing the relevant statutory factors. (Appellant's Brief, p.15). In doing so, Sholds claims that the Court ignored his history and circumstances, and focused on the statutory charge itself instead of the individual offense conduct. (Appellant's Brief, pp.15-16).

In response, the Government maintains that since the above sentence is a guideline sentence, a presumption of reasonableness applies. And, even regardless of the presumption, Sholds fails to satisfy his burden on appeal to show his sentence should have been lower, because the district court specifically referenced the advisory nature of the sentencing guidelines and considered it in light of the factors set forth in 18 U.S.C. § 3553(a) in fashioning the sentence. In doing so, the district court addressed all mitigating and aggravating factors relevant to sentencing, including those which Sholds now argues on appeal. Therefore, this Court acknowledged, but simply didn't agree with the arguments Sholds is now asserting on appeal. As such, the sentence in this case should be affirmed.

9

# ARGUMENT

## I. *The District Court did not Abuse its Discretion in Sentencing Sholds to 960 Months Imprisonment*

**Standard of Review**

This Court reviews the "district court's sentence for abuse of discretion." United States v. Bolden, 596 F.3d 976, 984 (8th Cir. 2010) (citing Gall v. United States, 552 U.S. 38, 51 (2007).   A sentence within the guideline range is presumed to be reasonable and "the burden is on the [appellant] to show his sentence should have been lower considering the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Milk, 447 F.3d 593, 603 (8th Cir. 2006).   "An abuse of discretion may occur when (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005).

**Discussion**

In this case, the district court, in arriving at the appropriate sentence, advised Sholds that "whatever the guidelines range is, it does not take precedence over what any statutory minimum or maximum may be…" and that the sentence must comply with the statutory sentencing factors. (TR., p. 50). The district court then specifically

10

went over the 3353(a) factors with Sholds, including the nature and circumstances of the offense, the defendant's background and characteristics, the need to reflect the seriousness of the offense and promote respect for the law and provide a just punishment. (TR., pp. 51-52). The Court was also fully apprised of and commented on the so-called mitigating facts of this case, of which the Court found lacking. (TR., p. 76). Consequently, this appeal fails because Sholds cannot prove that the district court committed any error with respect to identifying and/or in applying the appropriate weight to the mandated sentencing factors.

As done in this case, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." United States v. Feemster, 572 F.3d 455, 460-461 (8th Cir. 2009) (citing Gall, 128 S.Ct. at 596). "Then, after the Court affords both parties an opportunity to argue for whatever sentence they deem appropriate, it should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." (Id.). In reviewing the district court's sentencing decisions, "[the Appeals Court] must first ensure that the district court committed no significant procedural error." Feemster, 572 F.3d at 461 (citing Gall, 128 S.Ct. at 597). "In the absence of procedural error below, [the Appeals Court] should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Feemster, 572 F.3d at 461 (citing Gall, 128

11

S.Ct. at 597).

At present, there is no dispute that the correct guideline range in this case was 360 months to "life" or, as a result of the statutory maximums, 1680 months. (TR., p.78). Accordingly,"[w]hen the District Court has correctly calculated the guidelines sentencing range, as it did here, the only remaining issue is whether the ultimate sentence is reasonable." United States v. Medearis, 451 F.3d 918, (8th Cir. 2006) (citing United States v. Booker, 543 U.S. 220, 261-62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). In Gall, the Supreme Court "made clear that the determination of a reasonable sentence is committed to the district court's discretion in all but the most unusual cases." United States v. Sicaros-Quintero, 557 F.3d 579, 582-583 (8th Cir. 2009). When considering the 3553(a) factors, "[a] district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). Indeed, "[i]f a district court 'references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute.'" (Id. at 1111) (quoting United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004)).

12

In his attempt to show the Court committed clear error in weighing the sentencing factors, Sholds claims the district court focused on the charged offense when determining his sentence and ignored the totality of the facts surrounding his offense which warranted a sentence at the low end of the guideline range. (Appellant's Brief, pp. 15-16). However, this assertion is not supported by the record. In fact, the district court noted that because the guideline range in Sholds' case was so broad, even more onus was on the court to examine all of the 3553(a) factors to determine an appropriate sentence. (TR., pp.75-76). The Court acknowledged that the guidelines were not binding and applied the sentencing factors to conclude that none of the factors in this case counseled in favor of a sentence at the low end of the guideline range. (TR., p.49, 76). In doing so, the district court stated,

> "[W]hat the [sentencing] guidelines recommend is only one factor that the Court may consider because the guideline range is not binding on this Court. It's merely a recommendation. So the Court takes into consideration other factors that Congress has mandated and which is codified at Title 18 of the United States Code at Section 3553(a)."

(TR., p.49).

It is Sholds' contention that when assessing the totality of the facts surrounding his charged offense, the district court should have imposed a sentence at the low end of the guidelines range because his conduct in this case, while egregious,

Appellate Case: 14-3720     Page: 19     Date Filed: 03/17/2015 Entry ID: 4255201

is less egregious than in certain other cases. (Appellant's Brief, pp. 15). This generic assertion obviously is not a clear reflection of the facts presented to the district court. The facts of this case centered around the vaginal and anal rape of a two year old female, of which lead the district court to state "[t]he facts that underlie the convictions...is by far the worst conduct that this Court has encountered…" (TR.,. p.75). Additionally, per the PSR, the district court was aware that Sholds had four (4) prior felonies related to burglaries and multiple misdemeanors including criminal trespass and domestic assault over a time period of thirteen (13) years. (DCD 22; "PSR" ¶ 59-70). These facts alone support the district court's conclusions about the egregious nature of circumstances present in this case.

But despite the horrendous nature of the facts at bar, Sholds maintains that compared to other production of child pornography cases, his conduct was less egregious than typical, and therefore the district court, in treating it like a typical production case, created an unwarranted sentencing disparity. (Appellant's Brief, p. 24). The main gist of this argument focuses the extent of the sexual abuse that Sholds subjected his victim to during this "one-five minute video documented in four short clips" compared to other, allegedly worse, production cases. (Id.). However, again, the district court addressed this exact issue in stating,

> "[the court must take into consideration] the need to avoid
> unwarranted sentence disparities among defendants who have been

14

convicted of similar crimes and who have a similar criminal history…
[and] to do so, this Court is obligated to look at you as an individual, not
as some number, not as some statistic…and, taking all of the factors
into consideration, the Court must impose a sentence which [balances
all of the 3553(a) factors]." (TR., p.51).

Moreover, just because Sholds list some cases such as <u>United States v.
Demeyer</u>, 665 F.3d 1374, (8th Cir. 2012), in which a district judge correctly applied
the sentencing guidelines/factors to reach a sentence of 120 years, and different
district judges applied such resulting in lower sentences, does not mean either was
done improperly. The defendant's burden is to show that *his* sentence was arrived at
in some manner contrary to law. And as an aside, the defendant in <u>Demeyer</u> raped
his mentally challenged daughter and distributed the recorded images thereof. (<u>Id</u>.).
He consequently received a lengthy sentence equating to life. (<u>Id</u>.) The Government,
submits that such conduct, while extremely egregious, in no way overshadows the
anal and vaginal rape of a toddler to the extent it provides an example of the
unreasonableness of the current sentence.

Moreover, the Seventh Circuit case cited by Sholds of <u>United States v Price</u>,
2014 WL 6845407 (7th Cir. Dec., 5, 2014), simply serves as an example of a district
court arriving at a sentence below the guideline range based on its discretion. In
<u>Price</u>, the Seventh Circuit stated "district courts are certainly free to disagree with
the child pornography Guidelines as applied to a particular case as long as the

15

sentence imposed is reasonable." (Id. at *11). (quoting United States v. Pape, 601 F.3d 743, 745 (7th Cir. 2010)). The Seventh Circuit went on to acknowledge that the district court disagreed with the guideline enhancements in the case, but disagreed in a procedurally correct manner within its discretion. (Id. at *12). Similarly, in the present case, the district court, acknowledged the guideline recommendation, and after balancing all of the 3553(a) factors, concluded in a procedurally correct manner that an 80 year sentence met the "sufficient but not greater than necessary" test. (TR., pp. 77-78).

Again, it's clear the district court addressed the very sentencing factors now complained about by Sholds on appeal. At sentencing, Sholds' attorney argued to the Court "[c]an this case be differentiated form other cases that are somewhat similar? It can be, Mr. Sholds' case involved one victim." (TR., p. 71). Sholds' attorney went on to point out a recent production case involving prior sexual convictions. To this regard, the district court considered, but was simply not convinced that a guideline sentence of 960 months for an individual who had produced multiple videos of himself raping a two year old was somehow unwarranted compared to these other cases involving so-called "like conduct." Therefore, the district court properly considered the factors set forth in 18 U.S.C. § 3553(a) and made an independent assessment as to why these factors are satisfied in

16

light of the information provided to the Court.

Accordingly, since Sholds' sentence is within the Guidelines range this Court should "accord it a presumption of reasonableness." Bolden, 596 F.3d at 985; citing United States v. Turbides-Leonardo, 468 F.3d 34, 41 (1st Cir. 2006) ("It will be the rare case in which a within-the-range sentence can be found to transgress the parsimony principle."). In this case he has failed to overcome this presumption or to satisfy his burden on appeal.

## CONCLUSION

It is the position of the United States that the district court did not abuse its discretion in sentencing Sholds because the sentencing guidelines and the factors set forth in 18 U.S.C. § 3553(a) were properly considered in fashioning his sentence of 960 months. Moreover, considering the egregious conduct at issue, the present sentence is not only reasonable, but justified.

Respectfully submitted,

Conner Eldridge
United States Attorney

*/s/Dustin S. Roberts*

By:   Dustin S. Roberts
      Assistant U.S. Attorney
      Arkansas Bar No. 2005185
      414 Parker Avenue
      Fort Smith, AR    72901
      (479) 783-5125

17

## CERTIFICATE OF SERVICE

I Dustin Roberts, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that on the 16th day of March, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.   I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/Dustin S. Roberts
Dustin S. Roberts
Assistant U.S. Attorney

18

<u>**CERTIFICATE OF COMPLIANCE**</u>

I hereby certify that the brief has been scanned for viruses and that to the best of my knowledge the brief is virus free.

I further certify that Microsoft Word 2010 software was used to prepare this brief.

I further certify that this brief complies with the type-volume limitations as set forth in Fed. R. App. P. 32(a)(7)(C). There are 25 pages, containing 4,349 words, using Times New Roman 14 point, in the brief.

Dated this 16th day of March, 2015.

*/s/Dustin S. Roberts*
Dustin S. Roberts
Assistant U. S. Attorney

19